FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 NOV -3 PM 3: 21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEALIA GUIDRY | CIVIL ACTION NO.: |
| PLAINTIFF | |
| VERSUS | SECTION " "  09-7189 |
| STATE FARM FIRE & CASUALTY COMPANY | JUDGE: |
| DEFENDANT | MAGISTRATE: |

SECT. C MAG. 3

*******************************************************************

## AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel come the plaintiffs, Shealia Guidry, major resident and domiciliary of Orleans Parish who desires to amend his original petition in accordance with the attached order ( see exhibit 1) from this court:

1.

Made defendant herein is:

State Farm Fire and Casualty Company, herein after referred to as (State Farm), a foreign insurer licensed to and doing business in the State of Louisiana.

2.

The plaintiff owned immovable property at 11111 S. Idlewood Court, New Orleans, LA 70128.

✓ Fee_____
✓ Process_____
X Dkd_____
   CtRmDep_____
   Doc. No._____

3.

At all relevant time herein, the defendant, State Farm, provided homeowners insurance coverage for the identified properties including fire and wind peril. That at all times material hereto, defendant had issued to Petitioner a homeowners policy or policies providing wind, fire and other coverage's for the above described properties which policy or policies were in full force and effect as of Hurricanes Katrina and/or Rita, all terms and conditions of said policy or policies are pleaded in extenso as though copied herein.

4.

Hurricanes Katrina and Rita severely damaged the covered properties as a result of wind and rain damage, prior to any flooding in the area. The perils severely damaged, destroyed or otherwise rendered the above described property uninhabitable.

5.

The hurricane damage to the covered properties resulted from a covered peril.

6.

The damage to Petitioner's properties caused by wind and rain was sustained prior to any flooding of the area. The wind damage to Petitioner's property includes the following:

a) A portion of the roof was badly damaged;

b) Some of the felt and sheathing on the roofs were badly damaged and /or blown away;

c) Some turbine roof vents were blown away;

    d)    Several windows were blown out; and

    e)    Numerous storm-related penetrations through the structure's otherwise waterproof "skin" allowed wind-driven rain to saturate the insulation, drywall, and paint finishes of the interior of the dwelling, together with its contents.

7.

In its policy to Petitioner, State Farm agreed to pay for direct physical loss of, or damage to Petitioner's insured property resulting from a covered loss such as windstorm, as well as damage to personal properties and /contents, additional expenses and loss of use, as well as various other overages as set forth in the policy.

8.

State Farm placed a valuation upon Petitioner's property covered by the policy including the dwelling, and other structures and contents. State Farm used such valuation for property for the purpose for determining the premium charged for the policies.

9.

Neither the policy issued to Petitioner by State Farm nor the application therefor set forth a clear and unambiguous different method of computing the value of said loss other than to use the valuation placed upon the properties by State Farm in order to determine the premium.

10.

There is no criminal fault on the part of the insured's (Petitioner), or the assigns of the insured in the case of this covered loss.

11.

The policy issued by State Farm to Petitioner was issued or renewed after January 1, 1992.

12.

The policy issued by State Farm to Petitioner is not blanket-form policies or a Builder's risk policy of insurance.

13.

State Farm is liable for the amount of Petitioner's loss, valued per La. R.S. 22:695.

14.

Petitioner or his assigns have submitted proof of loss to State Farm. State Farm has received Petitioner's proof of loss. State Farm has not asked Petitioner for additional proof of loss.

15.

More than thirty (30) days have elapsed since State Farm or its agent has received Petitioners' satisfactory proof of loss on their claim

16.

In the event of a catastrophic loss, LSA-R.S. 22:658 A (3) requires an insurer to initiate loss adjustment within 30 days after notification of the loss by the claimant. This statute also provides that failure to comply with his provision shall subject the insurer to penalties set forth in LSA-R.S. 22:1220. Upon information and belief, State Farm did not initiate loss adjustment within thirty days of notification of the loss by the Petitioners so it is subject to the penalties set forth in LSA-R.S. 22:1220.

17.

LSA-R.S. 22:658 A(4) requires an insurer to make a written offer to settle within thirty (30) days of receipt of satisfactory proof of loss. State Farm did not make a written offer to settle within thirty days of receipt of satisfactory proof of loss from Petitioners and therefore breached this obligation. Such breach was arbitrary, capricious, and/or without probable cause, so State Farm is therefore subject to penalties as set forth in this statute.

18.

LSA-R.S. 22:658(B) provides that the failure to make a payment within 30 days of receipt of satisfactory proof of loss or failure to make a written offer to settle a property damage claim within 30 days after receipt of satisfactory proof of loss, when found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty in additional to the amount of loss 25% of amount due or $1,000 or in the event of a partial payment or tender has been made, twenty-five (25%) percent of the difference between the amount paid or tendered and the amount found to be due. State Farm did not make a payment or make a written offer to settle within thirty days of receipt of or satisfactory proof of loss from Petitioners. Such failure was arbitrary, capricious, and/or without probable cause, so it is liable for a penalty of 25% of the amount due. Petitioners aver that any breach of this statute subsequent to August 15, 2006 will entitle it to penalties of 50%, not 25% of the amount due.

19.

LSA-R.S. 22:1220 provides that an insurer owes to his insured a duty of good faith and fair dealing and that an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured.

State Farm did not exercise good faith and fair dealing with the insured in the subject litigation. Likewise, it did not adjust the claim fairly and promptly and make a reasonable effort to settle claims with the insured, so it is liable for the damages sustained as a result of the breach.

20.

LSA-R.S. 22:1220 B(5) provides that the failure to pay the amount of any claim due any insured within sixty days after receipt of satisfactory proof of loss, when such failure is arbitrary, capricious, or without probable cause, if knowingly committed or performed, is a breach of the duty imposed in LSA-R.S. 1220(A). State Farm breached its duty to Petitioners because it did not pay the claim within sixty days after receipt of satisfactory proof of loss, and such act was knowingly performed or committed, and such failure was arbitrary, capricious, and/or without probable cause.

21.

LSA-R.S. 22:1220 provides that in addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or $5000 (Five Thousand Dollars,) whichever is greater. Because State Farm breached its duties imposed by statute, Petitioner should be award penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

22.

To the extent that any provision in the polices require action that was or is impossible or impractical due the conditions in post-Katrina New Orleans, such provisions are in contravention of public policy. The failure to comply, in full or in part, when such actions was or is impossible or impractical due to the conditions in post-Katrina New Orleans, should be excused.

23.

Any requirement in the insurance policy that the insured commence to repair or rebuild within 180 days of the loss in order to recover depreciation is impractical, if not impossible, in post-Katrina New Orleans. As such, this requirement should be stricken from the policy. Alternatively, Petitioner affirmatively pleads the doctrine of *contra non valentem* as a bar to her performance and her lack of compliance, if any, should be excused.

24.

Petitioner has fully and/or materially complied with all requirements of the policy of insurance. Any purported non-compliance with any policy provisions is an immaterial non-compliance.

24.

Plaintiff does not believe that his damages will exceed $75,000.00 exclusive of interest and costs.

25

Neither Plaintiff nor his attorney will accept a judgment in an amount that exceeds $75,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs.

26.

Neither Plaintiff nor her attorney will amend the petition after one year to plead an amount in controversy in excess of $75,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs.

27.

Neither Plaintiff nor her attorney will authorize anyone on their behalf or their future heirs and assigns, to make such an amendment.

28.

Plaintiff and his attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00, including all penalties and attorneys' fees, exclusive of interest and costs.

29.

In order to resolve any doubt or ambiguity as to the meaning and intent of the language set forth in the Petition/Complaint, we declare it is our intent to waive, relinquish and/or renounce our entitlement to any damages, including penalties and attorneys' fees, but exclusive of interest and costs, in excess of $75,000.00, and further to renounce our right to enforce any judgment in this matter to the extent that judgment is for an amount in excess of $75,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs, in this matter.

30.

As a result of the actions and inactions by the defendant, the plaintiff has suffered the following non-exclusive damages:

Additional Living Expenses

Loss of Use

Property Damage

Inconvenience

Damage to Contents

Other Structures

## Wherefore Plaintiff Prays:

1. That the defendant be cited and served with a copy of this petition;
2. That after due proceedings had, there be judgment in favor to the plaintiff and against the defendant;
3. That the defendant be cast with all costs of these proceedings including an award of attorney fees to be fixed by this court;
4. That the plaintiff be awarded punitive and treble damages;
5. Costs for repairs and replacement of property;
6. Recovery of depreciation and additional expenses;
7. Litigation expenses and penalties;
8. Further praying for both general and equitable relief available.

Respectfully submitted;

_____
Harry E. Cantrell, Jr #03852
309 Baronne Street, Suite 300
New Orleans, LA 70112
(504) 585-7347

Please Serve the Defendant
State Farm Fire & Casualty Company

Through its attorney of Record
Ms Adrianne L. Baumgartner, Esq.
Porteous, Hainkel & Johnson
408 North Columbia Street
Covington, LA 70434

## CERTIFICATE OF SERVICE

I hereby certify under the above signature that a copy of this document has been mailed to all counsel of record properly addressed with sufficient postage attached thereto on this 2nd day of November, 2009.