# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEALIA GUIDRY | CIVIL ACTION |
| VERSUS | NO: 09-7189 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION: "C" (3) |

## ORDER & REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and plaintiff's motion to remand. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-and Rita related losses allegedly covered under a policy issued by the defendant. This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this. *Id*.; *Luckett v. Delta Airlines, Inc*., 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id*. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id*. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp*., 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

In a stipulation attached to Defendant's motion, (Rec. Doc. 8-3 at 36) Plaintiff stipulates that the amount in controversy does not exceed the jurisdictional minimum and expressly disclaims any judgment in excess thereto. *Id*. The Court has consistently recognized that even if a stipulation may not be "binding" for purposes of La.Code Civ. P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc*., 2003 WL 22533617 (E.D.La.)(J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes. Further, as a result of the stipulation, Defendant no longer opposes remand. (Rec. Doc. 8 at 3).

Thus, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v.*

*Demco, Inc.*, 792 F.2d 478 (5th Cir.1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979); C. WRIGHT, A. MILLER & E. COOPER, 14B FEDERAL PRACTICE & PROCEDURE: CIVIL, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. WRIGHT, A. MILLER & E. COOPER, 14C FEDERAL PRACTICE & PROCEDURE: CIVIL, § 3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 23rd day of December, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**